BOYLES v. BYERS et al.

(Court of Civil Appeals of Texas. San Antonio. May 24, 1911. Rehearing Denied June 21, 1911.)

1. APPEAL AND ERROR (§ 994*) — REVIEW — FINDINGS—WEIGHT OF EVIDENCE.

The trial court, sitting as a jury, is the sole judge of the credibility of witnesses, and

the appellate court cannot review his determination.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3901–3906; Dec. Dig. § 994.*]

2. INTEREST (§ 67*) — RECOVERY—EVIDENCE— SUFFICIENCY.

Evidence held to sustain a finding that a loan was extended upon an increased rate of interest.

[Ed. Note.—For other cases, see Interest, Cent. Dig. §§ 155, 156; Dec. Dig. § 67.*]

Appeal from District Court, Harris County; Norman G. Kittrell, Judge.

Action by J. M. Boyles against George A. Byers and others to restrain the sale of certain land. From a judgment upon plaintiff's bond, plaintiff appeals. Affirmed.

Hardy & Roberts, for appellant. Byers & Byers and B. F. Louis, for appellees.

FLY, J. Appellant, who is described in his brief as "a prominent and wealthy physician of Houston, Texas," applied for a writ of injunction to restrain George A. Byers, as trustee, and Mrs. Wilkening, as guardian of the estate of Bertha, Gustave, León, and Marie Wilkening, from selling a certain tract of land, under and by virtue of a certain deed of trust which was executed and delivered by appellant to Byers, as trustee, to secure the payment of a certain promissory note for $5,000, executed by appellant to Mrs. Wilkening, which bore 6 per cent. interest from its date, June 6, 1905, and provided for 10 per cent. attorney's fees if not paid at maturity, and which was due on June 6, 1908.

Appellant alleged that the time of payment had been extended by Mrs. Wilkening for one year, in consideration of the payment of 8 per cent. interest, instead of six per cent., the increase in interest to be paid in advance, which he alleged he paid to the trustee. He alleged that the sale of the land was about to take place, and a temporary writ of injunction was obtained. The sum of $5,425 was admitted by appellant to be due the guardian, which was paid into court and accepted by Mrs. Wilkening, with the understanding that such acceptance should in no wise affect her right to any further sum, and she alleged that appellant had executed a bond in the sum of $1,000 conditioned that he would pay any further sums that the guardian might recover, and she claimed that appellant was indebted to her in the sums of $100 principal and interest, $552.50 for attorney's fees, and $338.75 trustee's fees, and $5 for advertising, aggregating $996.25. The suit, therefore, resolved itself into a contest over that sum, for which appellees prayed judgment against appellant, and the sureties on his bond of $1,000. Appellant filed an amended petition, in which it was alleged that appellees had assumed the attitude of plaintiff, and he

abandoned the application for injunction and claimed that the sum accepted by appellees had fully satisfied the amount of the note executed by him to Mrs. Wilkening. It was agreed by the parties that nothing was involved in the suit except the $996.25. The cause was tried without a jury, and judgment was rendered that Mrs. Wilkening, as guardian, recover of appellant and his sureties on the $1,000 bond the sum of $652.-50, and that George A. Byers recover nothing. Appellant alone perfected an appeal; his supersedeas bond being payable to Mrs. Magdalena Wilkening, guardian. George A. Byers filed a brief herein, which was stricken out by the Court of Civil Appeals of the First district, from which court this cause was transferred by the Supreme Court to this court. The brief was dismissed on the ground that Byers did not perfect an appeal from that part of the judgment affecting the trustee's fees in which he was interested, and he had not been brought up as an appellee by appellant. It follows that no one is interested in this appeal, except J. M. Boyles, appellant, and Mrs. Wilkening, guardian, appellee.

At the request of appellant, the trial judge filed his conclusions of law and fact, and they are adopted by this court. The evidence clearly showed that in 1908 the time of payment was extended for one year, to June 6, 1909, and that at the expiration of that time appellant failed to pay off and discharge the note, and it was then placed in the hands of George A. Byers, an attorney at law, as well as the trustee named in the deed of trust, who began proceedings to collect it. Mrs. Wilkening, when the note became due on June 9, 1909, the time to which payment had been extended, demanded payment, which was not made, and she allowed the matter to remain in abeyance until September, when again she demanded payment, and she then agreed with appellant if he would pay the interest and fix a certain date on which to pay the principal she would grant him another extension. He did not pay the interest and did not fix any date on which he would pay the principal, and some time in January, 1910, Mrs. Wilkening placed the note in the hands of her attorney, George A. Byers, for collection, and he proceeded to take measures for its collection, by advertising the land described in the deed of trust for sale, and then the application for injunction was made by appellant. Mrs. Wilkening, at the time she placed the note in the hands of her attorney for collection, agreed to pay him the 10 per cent. specified in the note. The amount tendered by appellant into court and which was accepted as a payment by appellee on her note, with the understanding that it should not affect her claim to any balance, only covered principal and interest to June 6, 1909, and the amount of principal and interest, at the time of the agreement, and

the execution of the bond in the sum of $1,000, on March 7, 1910, was $5,525, being $100 in excess of the amount paid into court. The attorney's fees on that sum amounted to $552.50; the total sum due at that time above the deposit in court being $652.50, for which sum the judgment was rendered.

[1] Appellant in his first assignment of error complains of a failure of the court to find certain matters that were testified to by appellant as to a conversation that he held with Byers, which was denied by Byers. The court found what he believed to be facts, and, being the judge of the credibility of the witnesses and the weight to be given to their testimony, he exercised his prerogative in rejecting the testimony of appellant and in accepting that of Byers. This court has no authority to interfere with his prerogative. The court in effect found against the testimony of appellant, when he found that no actual tender of the interest was made to Byers, and that appellant said to Byers that he would pay off the note as soon as he could sell the property. Byers could not have refused the interest, because the court found that it was not offered to him, and Byers testified that he had no conversation with appellant about the interest.

[2] The court was justified by the evidence in finding that the note became due on June 6, 1908; that it was extended for one year in consideration of the payment of 8 per cent. for the year, instead of 6 per cent., as specified in the note. That finding is amply supported by the testimony of Byers, and appellant swore: "'Well,' I says, 'if you can get 8 per cent. for that money, as long as I have it and have paid 6 per cent., I would like to get it for 12 months longer, and will be willing to pay her 8 per cent. interest.'" On that basis the extension was made. The second assignment is, therefore, overruled.

The fourth finding of facts is fully supported by the testimony of appellant and Mrs. Wilkening, and the third assignment of error is overruled. It was utterly immaterial what appellant may have told Byers. The latter swore that appellant did not tell him anything, and the court was under no obligation to find as true what appellant said he told Byers. He evidently rejected that testimony, as he had the right to do. Appellant seems to labor under the erroneous impression that the court should have found as true every fact sworn to by him, but such is not the law. The fourth, fifth, and sixth assignments are overruled.

The court's computation of the interest form June 6, 1909, to March 7, 1910, at $525 evidently included $300 interest due from June 6, 1907, to June 6, 1908, and was correct. Appellant admits in his brief that interest was due for the year from June 6, 1907, to June 6, 1908, in the sum of $300; for the year from June 6, 1908, to June 6, 1909, he agreed to pay 8 per cent., or $400;

and from June 6, 1909, to March 7, 1910, the interest at 6 per cent. was $225; the whole interest due amounting to $925, which, added to the principal, made $5,925. On that sum appellant paid $400 in 1908 and deposited in court $5,425, making an aggregate of $5,825, which, deducted from the whole indebtedness, left $100. The latter sum added to the attorney's fees results in $652.50, the amount of the judgment. The judgment is correct and is supported by the facts, whatever the finding may be.

The judgment is affirmed.